## Daniel K. B. Kauffman, Plff. in Err., *v.* Commonwealth of Pennsylvania.

To maintain an action on an administration bond it is not necessary to push the administrator to insolvency.

A judgment at law or a decree of the orphans' court ascertaining the amount of the personal responsibility of the administrator to the particular creditor suing is a sufficient prerequisite.

Notice by a surety in an administration bond, before adjudication, to persons who by the adjudication are found to be creditors of the estate, that the administratrix is wasting the estate and that all claims against the estate must be pushed at once or he will not be responsible for losses, is ineffectual to relieve him from liability to such creditors.

An administration bond is not within the provisions of the act of May 14, 1874.

(Argued March 2, 1887. Decided March 14, 1887.)

January Term, 1887, No. 151, E. D., before Mercur, Ch. J., Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ. Error to the Common Pleas of Berks County to review a judgment on a verdict for the plaintiff in an action of debt. Affirmed.

This was an action by the commonwealth, at the instance of William L. Rhoads and Adam Rhoads, against Daniel K. B. Kauffman, on a joint and several administration bond of Sallie E. Guldin, administratrix of Simon P. Guldin, deceased, in which the defendant was a surety.

The facts as they appeared at the trial were stated in the charge of the court and in the opinion filed upon discharging a rule for a new trial.

---

Note.—An action may be maintained against the surety of the administrator or executor without first following the principal to insolvency. Com. v. Wilson, 7 W. N. C. 62; Com. use of Stub v. Stub, 11 Pa. 150, 51 Am. Dec. 515; Com. v. Longenecker, 1 Chester Co. Rep. 202, 2 York Legal Record, 53. But this rule applies only where the devastavit of the principal is conclusively established, and his insolvency appears, or where he absconds, conceals himself, or resides beyond the jurisdiction of the court. Com. use of McDonald v. McDonald, 170 Pa. 221, 32 Atl. 410; Com. use of Myers v. Fretz, 4 Pa. 344.

The defendant made at the trial the following offers of evidence:

Defendant proposes to show by the witness on the stand that the signature to a notice dated April 12, 1878, is his signature; that he served said notice, or a copy of the same, upon each of the plaintiffs in this suit about the time of the date of said notice. The notice is as follows:

"Reading, Pa., April 12, 1878.

"Dear Sir: I am one of the bail of Sallie E. Guldin, on her administration bond. She is exceedingly slow in pushing matters to a settlement, and I am of opinion that the estate is being wasted. You will please take notice that all claims against said estate must be pushed at once, or I shall not regard myself responsible for losses that may accrue. I want you to push your claim in ten days.

"Yours Truly,
"Daniel K. B. Kauffman."

To be followed by evidence of proceedings in the orphans' court of Berks County, to compel Sallie E. Schaeffer, administratrix of Simon P. Guldin, deceased, to furnish counter security; and also to be followed by evidence of the solvency of Sallie Schaeffer at the time of the service of the notice, and for at least three years thereafter; thus for the further purpose of showing that had plaintiffs pursued their remedies, their claims could have been collected by the plaintiffs without injury to the defend-ant in this action.

Rejected. First assignment of error.

The defendant renews his offer of proof of notice and service of notice as aforesaid; to be followed by evidence of proceedings in the orphans' court of Berks county to compel Sallie E. Schaeffer, administratrix of Simon P. Guldin, deceased, to furnish counter security; with the order of the court refusing said application, thus decreeing in fact that said administratrix at the time was neither wasting nor mismanaging said estate, nor insolvent; to be followed by showing by the records of the orphans' court that at the time of the service of the said notice she was the owner of three tracts of lands, one situate in Oley township of the value of $20,195; another in Earl township of the value of $330; another in Earl township of the value of $217; this to be followed

by proof that after the service of said notice Jacob Senger did proceed upon his decree, and on or about the 29th day of March, 1880, he did receive from said administratrix amounts of the fi. fas.; this to be followed by a judgment and execution in the court of common pleas of Berks county, by which it appears that on May 12, 1881, the sheriff sold goods of said Sallie E. Schaeffer upon said execution, to the value of $1,115.70; and to be followed by showing that the first application for a fi. fa. of these plaintiffs was made on or about the 12th day of February, 1881, almost three years after said notice was served, and upwards of fourteen months after the final confirmation of the auditor's report and decrees by the court.

Rejected. Second assignment of error.

The charge of the court was as follows:

In this case your duty is very plain. Nearly all the offers of testimony made by the defendant have been ruled out by the court. The only question remaining is the liability of the defendant upon the bond. It appears that on the 26th of April, 1873, Sallie E. Guldin was appointed administratrix of the estate of Simon P. Guldin, and she gave a bond to the commonwealth of Pennsylvania in the sum of $5,000, conditioned for the faithful performance of her duties as administratrix. It is not necessary to read the bond, for it has already been read to you. She gave as her bail John F. Guldin and Daniel K. B. Kauffman.

This bond is a joint and several bond. It also appears from the testimony produced before you that there was an account filed in the orphans' court by his administratrix, and auditor's report had; and that the orphans' court adjudicated and settled that Adam Rhoads was entitled to the sum of $610.83, a claim which he had against the estate of Simon P. Guldin; and that also William L. Rhoads was entitled to the sum of $311.68 for a claim which he had against the estate. This action of the orphans' court is final on the question of the amount; and since these decrees were entered against Sallie E. Guldin, the administratrix, for these amounts, and the administratrix did not pay them, the creditors had a right to proceed upon the official bond given, and recover against the bail.

As this bond is joint and several, suit is brought against one of the sureties, which plaintiffs had a right to do; and this action

is against Daniel K. B. Kauffman. Calculations have been made of the exact amounts due in these cases; and it is ascertained that the correct amount due this day coming to Adam Rhoads is $531.81, and the amount coming to William L. Rhoads is $323.03.

"It is necessary in cases of this kind to render a verdict in this form, first, in favor of the commonwealth, for the sum of $5,000, the penalty in the bond, and then to render a verdict in favor of the plaintiff, Adam Rhoads, in the sum of .$531.81, the amount of damages assessed and costs accrued; and in favor of William L. Rhoads for the sum of $323.03, the amount of damages assessed and costs accrued; so that if you believe this evidence that has been laid before you, and there is nothing to contradict it, it is all record testimony, your verdict will be as indicated by the court. It will not be necessary for you to leave the box. So far as the legal questions and the rulings of the court are concerned, these will be for the court to review hereafter, and your duty will have been done by rendering the verdict.

"Verdict and judgment accordingly for the plaintiff. ·

"The defendant obtained a rule to show cause why a new trial should not be granted.

Upon discharging it, ERMENTROUT, J., filed the following opinion:

To maintain suit upon the administration bond it is not necessary to first push the administrator to insolvency. A judgment at law or a decree of the orphans' court ascertaining the amount of the personal responsibility of the administrator to the particular creditor suing is all that is necessary as a prerequisite to such suit. Com. use of Stub v. Stub, 11 Pa. 150, 51 Am. Dec. 515.

In the present case the auditor's report upon the administration account was confirmed December 5, 1879, although filed May 19, 1876. On February 14, 1881, the orphans' court decreed to Adam Rhoads $610.83 and William L. Rhoads $311.68. The court, subsequently reviewing the account and report, directed fi. fas. to issue. This was done and returns of *nulla bona* were made. The plaintiffs were therefore in proper position to sue.

The defense is that on April 12, 1878, Kauffman served upon plaintiffs notice in writing to push their claims or he would consider himself discharged. The answer is that they were in the orphans' court doing precisely what was asked of them, and even if they had not done so, the act of May 14, 1874, upon which reliance is placed, does not apply. The administration bond is not within its provisions. It is not an instrument in writing for the forbearance or payment of money at any future time, nor was the amount therein to be collected. The liability of a surety in such a bond is contingent, requiring certain proceedings to be had before any liability results. When the notice was given no suit could lie upon it. The court, on October 21, 1878, decreed that the administratrix was not wasting or mismanaging.

The only step to protect the bail was the entering up by the plaintiffs of the decrees against the real estate of the administratrix; and this the bail complained of as being done without his knowledge or consent. The bail does not seem to have taken steps to protect himself. As to the alleged agreement of forbearance to bring suit against the principal, there is no evidence of such fact. It is not shown to us how any statute of limitations can apply to this suit.

*Henry O. Schrader* and *Hiram Y. Kaufman,* for plaintiff in error.—Prior to 1874 a request on the part of the surety to the creditor to proceed and collect from the principal was sufficient, provided the request was positive and accompanied with a declaration that unless complied with the surety would consider himself discharged. By the act of May 14, 1874, "the surety or sureties in any instrument in writing for the forbearance or payment of money at any future time shall not be discharged from their liability upon the same by reason of notice from the surety or sureties to the creditor or creditors to collect the amount thereof from the principal in said instruments, unless such notice shall be in writing, and signed by the party giving the same."

We see no good reason why the act of May 14, 1874, should not apply to an administration bond. It applies to all instruments in writing for the forbearance or payment of money.

If a creditor, after being requested to bring suit against the principal debtor, refuse or neglect to do so, the surety is discharged, provided the request be positive and accompanied with

a declaration that, unless complied with, the surety will consider himself discharged. Greenawalt v. Kreider, 3 Pa. St. 264, 45 Am. Dec. 639. See also Wilson v. Glover, 3 Pa. St. 404.

In order to discharge a surety notice to sue the principal must be clearly proved, and shown to the identical claim. Wolleshlare v. Searles, 45 Pa. 45; Donough v. Boger, 31 Phila. Leg. Int. 286.

The notice must be in writing, and in the most explicit terms that he will otherwise hold himself discharged. Fidler v. Hershey, 90 Pa. 363; Com. v. Wilson, 7 W. N. C. 62.

The notice must be given by one duly authorized, at a time when the creditor has it in his power to proceed. Conrad v. Foy, 68 Pa. 381.

Where the circumstances show that the creditors could not by legal proceedings have made the debt out of the principal the surety will not be discharged. Weiler v. Hoch, 25 Pa. 525.

The offers were made to bring the plaintiff in error within these rules.

To hold a surety, after notice from him to proceed, etc., against the principal, it is necessary for the creditor to show that he used due diligence in proceeding against said principal. What is due diligence in pursuing the principal, in pursuance of a notice from the surety, may be gathered from Simpson v. Bovard, 74 Pa. 362.

Where a creditor has the means of satisfaction, either actually or potentially, in his hands or within his control, and does not choose to retain it, the surety is discharged. Coatesville v. Hope, 1 Chester Co. Rep. 57.

If these plaintiffs had exercised only ordinary diligence they could have collected their claims from the administratrix. They could only have lost their claims by the grossest negligence. The notice from defendant should have put them on their guard. After such notice to them, if any loss results, it is because they utterly disregarded that ordinary caution which every person ought to possess.

No counsel appeared for defendant in error.

Per Curiam:

There was no error in rejecting the evidence offered by the defendant below. It was wholly insufficient to prevent a recovery on the facts proved.

Judgment affirmed.